# In the Matter of TWO MINOR CHILDREN

High Court of American Samoa
Trial Division

JR No. 13-95 and JR No. 14-95

June 14, 1995

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge, and BETHAM, Associate Judge.

Counsel: Robert A. Porter

Opinion and Order:

This matter came regularly for hearing on April 28, 1995, on the natural parents' petition to relinquish their parental rights to two of their five children and enable the maternal grandparents to adopt these two children.

██ Relinquishment of parental rights must be based on the best interests of all concerned, A.S.C.A. § 45.0402(e), but the child's best interests are paramount. *In re a Minor Child*, 12 A.S.R.2d 87 (Trial Div. 1989); *In re Two Minor Children*, 11 A.S.R.2d 91, 92 (Trial Div. 1989).

In this case, the natural parents and maternal grandparents agreed before each child's birth that the grandparents would raise these two children, and this arrangement was carried out. The two children are now ages eight and three years. The natural parents were apparently motivated by the grandparents' wishes and the financial constraints of raising their three other children. We do not question the genuineness of the parents' decision to relinquish their parental rights to these two children.

We do question the wisdom of their decision in the context of the two children's long-term best interests. The maternal grandparents are now ages 65 and 71 years. Currently, both have serious health problems. In due course, the two children will, in all probability, be reunited with their three siblings. Under these circumstances, no good purpose is served by presently giving the two children different status in the family.

The extended family members immediately involved live in the same

113

village and appear to be closely united. They can readily leave the existing living arrangements undisturbed without inviting the disruption that will inevitably result from a legal adoption.

These petitions should be and are denied.

It is so ordered.